IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF WEST VIRGINIA, by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>   Plaintiffs,<br><br>   v.<br><br>GREER INDUSTRIES, INC., DECKERS CREEK LIMESTONE, INC., and PIKEWOOD, INC.,<br><br>   Defendants. | Civil Action No. 1:17-cv-04 |

## JOINT MOTION TO TERMINATE CONSENT DECREE

Plaintiffs, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), and the State of West Virginia ("the State"), by and through the West Virginia Department of Environmental Protection ("WVDEP"), and Defendants Greer Industries, Inc., Deckers Creek Limestone, Inc., and Pikewood, Inc., submit this joint motion to terminate the Consent Decree that was entered in this matter on March 29, 2017.  As described below, the Parties agree that all Consent Decree obligations have been fulfilled, including Defendants' (1) timely payment of civil penalties, and (2) successful execution of restoration work and mitigation projects.  Accordingly, and consistent with Paragraph 60(a) of the Decree, which allows for joint motions to terminate all or part of the Decree at any time, the Parties respectfully request that the Court enter an order terminating the Consent Decree.

1

1.      In their January 10, 2017 Complaint seeking civil penalties and injunctive relief, the United States and the State alleged that Defendants violated section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), by unlawfully discharging pollutants (dredged and/or fill material, such as rock, sand, or dirt) to waters of the United States and waters of the State without a permit, as required by section 404 of the CWA, 33 U.S.C. § 1344, and without necessary authorization under the West Virginia Water Pollution Control Act ("WPCA").  The alleged unpermitted discharges occurred in connection with the Defendants' construction of the Pikewood National Golf Club near Morgantown, West Virginia.

2.      Also on January 10, 2017, the United States and State lodged a proposed Consent Decree with the Court that would, if entered, resolve all claims in this action.  Following a public comment process, and on joint motion by the Parties, the Court entered the Consent Decree on March 29, 2017.  ECF No. 09.

3.      Defendants' principal obligations under the Decree were to (1) pay a joint civil penalty of $900,000 to the United States within thirty (30) days of entry of the Decree, Consent Decree ¶ 30, (2) pay a joint civil penalty of $900,000 to the State within three hundred sixty-five (365) days of entry of the Decree, *id.*, and (3) to perform on-site restoration work—including removal of fill material, restoration of certain stream channels, planting appropriate native species and grading and stabilizing disturbed soils—and to provide off-site mitigation, as directed by EPA, to compensate for the aquatic resources impacted by the unauthorized discharges, *id.* ¶¶ 25–26.  The Decree obligated the Defendants to secure perpetual site protection through deed restrictions covering the restored areas, *id.* ¶ 27.  The Parties agree that those and all other terms of the Consent Decree have been fulfilled.  In particular:

      a.      Defendants timely paid the full $900,000 civil penalty to the United States on April 21, 2017, and completed payment of the $900,000 civil penalty to the State by June 10, 2019.

      b.      Over the past six years, Defendants have performed extensive restoration and mitigation work in accordance with Appendix A of the Decree. Defendants have submitted annual reports to the United States Environmental Protection Agency ("EPA") detailing the status of that work, and EPA has monitored progress through annual monitoring reports and multiple site visits since 2017. EPA visited the restoration and mitigation sites most recently on November 17, 2020, and confirmed that Defendants have completed all work in accordance with Appendix A and met the project targets, standards, and success criteria for each location. Although Appendix A contemplates that post-restoration monitoring would continue for five years (i.e., through 2025), EPA has concluded based on its site visits and Defendants' written reports that further monitoring under the Decree is not necessary. EPA released the site from further monitoring on February 7, 2023, based on the successful attainment of the established performance standards.

      4.      Consent Decree Paragraph 60(a) provides that "Defendants, the United States, and the State may at any time make a joint motion to the Court for termination of this Decree or any portion of it." This joint motion is brought in accordance with that provision. Consistent with the limitation in Paragraph 60 that any termination is "[e]xcept for Paragraph 10," the Parties expressly affirm that the following restrictions in Paragraph 10 endure and are not subject to termination: "Defendants and their agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States at or from the Impacted Areas, unless such

discharge complies with the provisions of the CWA and its implementing regulations." In addition, the Parties also expressly affirm that the following restrictions in Paragraph 26 endure and are not subject to termination:

> Upon completion of the restoration and mitigation projects set forth in the On-Site Restoration and Mitigation Plan and the Off-Site Mitigation Plan submitted pursuant to Appendix A and approved by EPA, Defendants shall not disturb soils, vegetation, and/or water resources in any manner whatsoever at any area of restoration/mitigation, except as identified in the approved restoration and/or mitigation plans, the Deed Restrictions, or otherwise approved by EPA.

For the foregoing reasons, the Parties respectfully request that the Court enter an order terminating the Consent Decree.

Respectfully submitted,

Dated: June 6, 2023

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Austin D. Saylor*
Austin D. Saylor
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 598-7867
austin.saylor@usdoj.gov

WILLIAM IHLENFELD
United States Attorney for the
Northern District of West Virginia

*/s/ Maximillian F. Nogay*
Assistant United States Attorney
U.S. Courthouse & Federal Bldg.
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Phone: (304) 234-0100
Fax:    (304) 234-0112

max.nogay@usdoj.gov

OF COUNSEL:

PAMELA J. LAZOS
Office of Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103


FOR THE STATE OF WEST VIRGINIA:

/s/  Scott Driver
SCOTT DRIVER, W.Va. Bar ID #9846
West Virginia Department of Environmental Protection
Office of Legal Services
601 57th Street SE
Charleston, WV 25304
Phone: (304) 926-0460 x 1453
Fax: (304) 926-0461
charles.s.driver@wv.gov


FOR DEFENDANTS:

/s/  Lisa M. Bruderly
LISA M. BRUDERLY, Pa. Bar ID #87484
Babst Calland
Two Gateway Center, 7th Floor
Pittsburgh, PA 15222
Phone: (412) 394-6495
Fax: (412) 586-1053
lbruderly@babstcalland.com

5

## CERTIFICATE OF SERVICE

   I hereby certify that on this 6th day of June, 2023, I served the foregoing "Joint Motion for Termination of Consent Decree" via the CM/ECF System to the following counsel for Defendants:

Lisa M. Bruderly
Babst Calland
Two Gateway Center
Pittsburgh, PA 15222
(412) 394-6495

                */s/ Maximillian F. Nogay*
                Assistant United States Attorney
                U.S. Courthouse & Federal Bldg.
                1125 Chapline Street, Suite 3000
                Wheeling, West Virginia 26003
                Phone: (304) 234-0100
                Fax: (304) 234-0112
                max.nogay@usdoj.gov